UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

ALFY MAYES,
    Plaintiff,


v.                                     CIVIL ACTION NO. 3:26-cv-202


GALVESTON COUNTY,
    Defendant.


### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Alfy Mayes, hereinafter sometimes referred to as Plaintiff, files this Original Complaint. Plaintiff would respectfully show this Court as follows:

### JURISDICTION AND VENUE

1. Jurisdiction vests with this Court under 28 U.S.C. § 1331 (federal question); § 1343 (civil rights); and Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. §§ 2000e-2000e-17.

2. Federal law prohibits discrimination against an employee because the employee has opposed unlawful employment practices, filed a charge of discrimination, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

1

3. Venue lies with this Court because all material events occurred in Galveston County, Texas.

4. Plaintiff has exhausted his administrative remedies.

5. Plaintiff timely filed EEOC Charge No. 460-2025-06649, alleging retaliation.

6. The EEOC issued a Notice of Right to Sue on March 25, 2026.

7. Plaintiff files this lawsuit within the time permitted by law.

## PARTIES

8. Plaintiff is a resident of Galveston County, Texas.

9. Plaintiff was employed by the Galveston County Sheriff's Office for approximately fifteen years.

10. The Galveston County Sheriff's Office is an arm of Galveston County.

11. At all times material to this action, Galveston County was Plaintiff's employer as that term is defined by law.

## BACKGROUND FACTS AND PROTECTED ACTIVITY

12. During his employment, Plaintiff complained of what he believed in good faith to be unlawful discrimination and retaliation affecting the conditions of his employment.

13. Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission.

14. Plaintiff also filed federal lawsuits alleging discrimination and retaliation in violation of Title VII.

15. Plaintiff prosecuted those administrative proceedings and lawsuits in good faith.

16. Defendant was aware of Plaintiff's protected activity.

17. Prior to the filing of Plaintiff's federal lawsuit in 2021, Plaintiff had been employed by Defendant for approximately twelve years and had never been subjected to a serious disciplinary proceeding involving an Administrative Action Report ("AAR").

18. Defendant received notice of Plaintiff's lawsuit in or around November 2021.

19. Shortly thereafter, Plaintiff became the subject of multiple serious disciplinary proceedings involving AARs.

20. One of those proceedings resulted in a recommendation that Plaintiff's employment be terminated; the recommendation of termination was rejected and lesser discipline was imposed.

21. Another of these proceedings resulted in Plaintiff's termination. That decision was later reversed, and Plaintiff was reinstated.

22. Plaintiff alleges that the disciplinary proceedings instituted against him after Defendant received notice of his lawsuit were retaliatory.

23. Plaintiff further alleges that Defendant later relied, in whole or in part, upon disciplinary matters arising from that period, despite those matters having previously been investigated, addressed, and resolved through Defendant's disciplinary process.

## RETALIATORY TERMINATION

24. Plaintiff remained employed by Defendant after the disciplinary proceedings described above.

25. Plaintiff continued to pursue his rights through administrative proceedings and litigation.

3

26. Plaintiff continued to engage in activity protected by Title VII.

27. On or about December 31, 2024, Defendant terminated Plaintiff's employment.

28. Defendant contended that Plaintiff's termination was based, in whole or in part, upon prior disciplinary matters.

29. Plaintiff alleges that the stated reasons for his termination were not the true reasons for Defendant's decision.

30. Plaintiff alleges that similarly situated employees who had engaged in misconduct, received disciplinary action, or accumulated disciplinary histories were treated more favorably and were not terminated.

31. Plaintiff alleges that Defendant terminated his employment because he engaged in protected activity under Title VII.

32. Plaintiff alleges that Defendant's reliance upon prior disciplinary matters was pretextual.

33. Plaintiff alleges that but for his protected activity, Defendant would not have terminated his employment.

34. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages.

## RETALIATION

35. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

36. Plaintiff engaged in protected activity under Title VII by opposing practices he believed to be unlawful, filing EEOC charges, participating in administrative proceedings, and filing federal lawsuits.

4

37. Defendant knew of Plaintiff's protected activity.

38. Defendant subjected Plaintiff to a materially adverse employment action by terminating his employment.

39. A causal connection exists between Plaintiff's protected activity and Defendant's decision to terminate his employment.

40. Defendant's stated reasons for termination were pretextual.

41. Defendant's conduct constitutes unlawful retaliation in violation of Title VII.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief:

i. Declaratory judgment stating that Defendant engaged in unlawful retaliation;

ii. Reinstatement, if appropriate;

iii. Back pay and employment benefits;

iv. Front pay and future employment benefits;

v. Compensatory damages;

vi. Attorney's fees and costs as permitted by law;

vii. Pre-judgment and post-judgment interest; and

viii. Such other and further relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

/s/ *Ellyn J. Clevenger*
Ellyn J. Clevenger
Federal I.D. No. 3597745
State Bar No. 24058662
ellynclevenger@gmail.com
ATTORNEY FOR PLAINTIFF,
    ALFY MAYES

A JURY TRIAL IS DEMANDED